IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, for
the use of D.R.B. ELECTRIC, INC.,

    Plaintiff                                                   No:    1:10-cv-00586-MV-RLP

v.

HANOVER INSURANCE COMPANY,
and SSS CONSTRUCTION, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 7).

By way of background, Defendant SSS Construction, Inc. ("SSS"), a contractor, entered into a contract with Ohkay Owingeh (San Juan Pueblo) for a construction project known as the New Kennedy Pumphouse, Water Main and Controls. SSS entered into a subcontract with Use Plaintiff D.R.B. Electric, Inc. ("D.R.B.") for the provision of electrical subcontracting services in relation to the New Kennedy Pumphouse, Water Main and Controls project. By this action, D.R.B. seeks to recover sums that it is allegedly due pursuant to that subcontract.

In its Complaint on Payment Bond, for Debt Due by Contract and for Unjust Enrichment (Doc. 1), Use Plaintiff D.R.B. asserts that in connection with the project SSS "executed and delivered to the United States of America Payment Bond No. 9000-0045 for the protection of all persons supplying labor and material in the prosecution of the work" on the project and in

1

accordance with 40 U.S.C. §§ 3131 and 3133. (Doc. 1 at ¶ 7). A copy of the alleged payment bond is attached as Exhibit 1 to the Complaint and lists Defendant Hanover Insurance Company ("Hanover") as surety. (Doc. 1, Ex. 1). The Complaint alleges that this Court has jurisdiction pursuant to the Miller Act, 40 U.S.C. §§ 3131 *et seq*. (Doc. 1 at ¶ 1).

On July 14, 2010, Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that the Miller Act is inapplicable and that this action must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, Defendants contend that the contract between SSS and Ohkay Owingeh for the New Kennedy Pumphouse, Water Main and Controls construction project involved neither a "public building" or "public work" pursuant to the Miller Act. In support of their motion, Defendants attach a copy of a 3-page agreement between SSS and Ohkay Owingeh pertaining to the project, as well as a copy of a payment bond and a performance bond provided to the Ohkay Owingeh Utility Department in connection with the project; the bonds list SSS as the principal and Hanover as surety. (Doc. 7, Exs. A & B).

The Miller Act requires that before a contract of more than $100,000 is awarded "for the construction, alteration, or repair of any public building or public work of the Federal Government," a performance bond and a payment bond must be supplied, which become binding once the contract is awarded. 40 U.S.C. § 3131. The Miller Act is intended "to protect persons supplying labor and material for the construction of federal public buildings in lieu of the protection they might receive under state statutes with respect to the construction of nonfederal buildings." *United States ex rel. Sherman v. Carter*, 353 U.S. 210, 216 (1957). Pursuant to § 3133(b)(1) of the Miller Act, any person that has furnished labor or material in carrying out

work provided for in a contract for which a payment bond is furnished under § 3131 and who has not been paid in full within 90 days may bring a civil action on the payment bond for the amount due.  Section 3133(b)(3) further provides that such civil action must be brought in the United States District Court in the district in which the contract was to be performed and executed.

As noted above, Defendants contend that the Miller Act is inapplicable as the contract for the construction project at issue involved neither a "public building" nor a "public work."  First, Defendants contend that as the improvements were constructed on lands held by the Ohkay Owingeh in fee and under contract with the Ohkay Owingeh, "[t]here should be no dispute that the improvements . . . do not constitute 'public buildings' of the Federal Government under the Miller Act."  (Doc. 7 at p. 4).  Next, Defendants contend that the project is not a public work as it is owned and directed by the Ohkay Owingeh and the bonds are not in favor of the United States Government (as required by the Miller Act) but instead name the Ohkay Owingeh Utility Department.  (Doc. 7 at pp. 4-5).  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1493-94 (10th Cir. 1995).  Finally, Defendants argue that, pursuant to 25 U.S.C. 450j(a), contracts entered into by tribes and funded by the Federal Government under the Indian Self-Determination and Education Assistance Act are exempt from the requirements of the Miller Act.  (Doc. 7 at p. 5).

In its opposition to Defendants' Motion to Dismiss, Use Plaintiff D.R.B. argues simply that the motion is premature as it needs discovery to determine whether it can assert federal jurisdiction.  It points out that while Defendants contend the land on which the improvements were made is owned in fee by the Ohkay Owingeh, there is no evidence presently before the Court to support this assertion.  D.R.B. notes that the matter is further confused by the fact that

the contract is between Ohkay Owingeh and SSS, but the bonds attached to Defendants' motion are in favor of the Ohkay Owingeh Utility Department.  And D.R.B. contends that it "has been unable to determine who owns the land or the project, where the money came from and whether the money is subject to regulations requiring bonds."  (Doc. 9 at p. 2).  Additionally, D.R.B. notes that even assuming the project is not subject to the Miller Act, federal jurisdiction may still exist pursuant to 28 U.S.C. § 1352, which provides that "district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States."  D.R.B. contends, however, that it likewise lacks sufficient information about the project and its requirements regarding bonds to determine whether federal jurisdiction is appropriate pursuant to § 1352.  (Doc. 9 at p. 2).

Based on the present record, this Court is unable to adequately assess whether federal jurisdiction exists.  There is no evidence regarding ownership of the land, purpose of the project, funding of the project, or whether the project is subject to regulations requiring bonds.  While Defendants accurately note that some of the information may be of public record, such as ownership of the land, other information that would appear essential to resolving the question of whether federal jurisdiction exists would appear to be in the possession of Defendants.  Though this Court recognizes that Plaintiff has the burden of establishing that this Court has jurisdiction over the subject matter of its Complaint, it will allow Plaintiff to conduct limited discovery as to jurisdictional matters.

This Court further notes that in a Joint Status Report the parties filed on January 10, 2011 (Doc. 13), Plaintiff represented that it intends to amend its complaint and requested that it be given until February 7, 2011 to do so.

In light of the inadequacy of the present record before the Court, Plaintiff's need for discovery relating to the issue of federal jurisdiction, and Plaintiff's representation that it intends to seek leave to amend its complaint, the Court orders as follows:

1. To the extent the parties have not already done so, they should immediately meet to discuss what discovery is necessary to properly address the issue of federal jurisdiction and Defendants shall provide D.R.B. with requested discovery relevant to jurisdictional issues, including but not limited to information about ownership of the project and land, the purpose of the project, the sources of funding of the project, and any project documentation referencing regulations that would require the issuance bonds in connection with the project. Such documentation should be exchanged within 10 calendar days after entry of this Order.

2. Plaintiff shall have until 17 calendar days after entry of this Order to file either a Motion for Leave to File an Amended Complaint or, in the alternative, a Supplemental Opposition to the pending Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1] In the event that Plaintiff elects to file a Motion for Leave to File an Amended Complaint, the proposed amended complaint should be attached thereto and should include any basis on which federal jurisdiction is alleged to exist, including, if applicable, 28 U.S.C. § 1352. Additionally, the Motion for Leave to File an Amended Complaint should specifically address the basis and

---

[1] To the extent that this deadline conflicts with the deadline set forth in the parties' Joint Status Report or any order of the Court, this date shall control.

facts upon which Plaintiff relies in asserting the existence of federal jurisdiction. In the event that Plaintiff elects not to seek leave to file an amended complaint, it shall file a Supplemental Opposition to the pending Motion to Dismiss for Lack of Subject Matter Jurisdiction that shall specifically address its contention that federal jurisdiction exists under the Miller Act and the evidence upon which it relies to support its contention.

3. Defendants shall have 7 calendar days following the filing of Plaintiff's Motion for Leave to File an Amended Complaint or Supplemental Opposition to the pending Motion to Dismiss in which to file a brief that responds to the jurisdictional argument made by Plaintiff therein.

**IT IS SO ORDERED.**

**DATED** this 27th day of January, 2011.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**